## WILLIAMS *v.* TRUAX.

1. VENDOR AND PURCHASER—ASSIGNMENTS—SERVICE OF PROCESS—
   PARTIES—FORECLOSURE—SUBDIVISION LOT PURCHASER.
   
   Collateral contract between vendor of land platted and vendee's assignee made after default and judgment for possession in which latter agreed to assume claims of lot purchasers from vendee as their vendor, is such recognition of assignee as to make it necessary party to foreclosure proceedings in equity upon original land contract so as to terminate rights of lot purchasers that failure to make proper service upon it might be raised by lot purchaser on motion to vacate decree of sale.

2. SAME—SERVICE OF PROCESS—LACHES.
   
   Lot purchaser served with process in foreclosure proceedings in equity by grantee of vendor of platted land was not precluded, on motion to vacate decree of sale, from raising question as to defective service of process upon vendee's assignee, who had contracted with vendor after default and judgment for possession to assume claims of purchasers of lots from vendee, nor was lot purchaser guilty of laches in thus raising said question where he had directed attention of court and plaintiff's attorney to the defect at the hearing on bill to foreclose.

. Appeal from Wayne; Jayne (Ira W.), J. Submitted October 6, 1933. (Docket No. 94, Calendar No. 37,363.) Decided December 5, 1933.

Bill by William J. Williams, as trustee, against Harvey R. Truax and others to foreclose a land contract. Decree for plaintiff. From order setting aside decree, plaintiff appeals. Affirmed.

*Anderson, Wilcox, Lacy & Lawson* (*Clarence J. Huddleston,* of counsel), for plaintiff.

*Yerkes, Goddard & McClintock* (*Leslie C. Putnam,* of counsel), for defendant Truax.

Sharpe, J. On April 18, 1925, Margarette S. Curtiss executed a land contract for the sale to Rex W. Beardsley of certain real estate in the township of Northville, in the county of Wayne, for the sum of $64,866.20, of which $5,000 was then paid and the balance to be paid in annual payments thereafter. A part of the land was soon thereafter platted.

On September 25, 1925, the defendant Truax entered into a contract with Beardsley for the purchase of a lot in said plat, on which he erected a dwelling house, alleged to be worth upwards of $8,000, and on which he owed at the time of the filing of the bill of complaint herein about $300.

Several assignments were made of the Beardsley contract, and, there being default in payment, the vendor declared the contract forfeited and took proceedings before a circuit court commissioner, under which she obtained a judgment for possession of the premises on June 4, 1929.

Thereafter the defendant Huron Realty Company, to whom the contract had been assigned, negotiated with her, and an agreement in writing was executed by them on July 16, 1929, and annexed as a rider to the contract, which, after reciting the sale to Beardsley, the default, the declaration of forfeiture and the judgment for possession, stated that the realty company had acquired the interests of the assignees in the original contract and was desirous of continuing the payments and carrying out the terms of the contract, and provided that it should make payment of the sums due thereunder and certain taxes paid by the vendor, the full amount to be paid by April 18, 1935.

It contained the further provision:

"Second party hereto further, in consideration of the aforesaid, agrees and does hereby assume all claims of any one, including all assignees, syndicate certificate holders, vendees in any outstanding land contract for the purchase of individual lots in said premises, and all other persons and firms, and further agrees to hold the first party harmless in the premises, and that any claim or demand of any of the aforesaid shall be satisfied or removed by proper legal means before the second party hereto shall be entitled to a conveyance of the aforesaid premises under the terms of the contract above-described."

Thereafter Margarette S. Curtiss conveyed her interest in said property to the plaintiff. An agreement between him and the Huron Realty Company relative to the platting of said land was entered into on May 13, 1930. There being default in payment, the plaintiff filed the bill of complaint herein for the foreclosure of the contract, making Beardsley and his assignees and the Huron Realty Company and the purchasers of lots, including the defendant Truax, defendants. A subpoena was duly served upon some of them, and others were brought in by publication. A number of them were defaulted. Truax answered, alleging his interest as above stated, and averred his willingness to pay the balance due on his lot on receiving a deed therefor.

After a hearing thereon, the trial court entered a decree fixing the amount due plaintiff from the Huron Realty Company to be the sum of $67,187.83, and finding that the rights and interests of the other defendants were subsequent and inferior to the rights of the plaintiff, and that, upon the failure of the Huron Realty Company to pay the amount found due and interest thereon before April 6, 1932, the premises should be sold by a circuit court commis-

sioner and any deficiency arising therefrom be paid by said company.

The commissioner filed a report on the sale on June 18, 1932, stating therein that the premises were sold to the plaintiff for $21,360, and that he had executed a deed to him therefor. He found the deficiency, after paying the expenses of sale, to be the sum of $47,954.54. No objection having been filed thereto, the court entered an order *nisi* on June 25, 1932, confirming the sale made.

On October 29, 1932, the plaintiff filed a petition for a writ of assistance to put him in possession of the premises, alleging therein that the defendant Truax was in possession of a part thereof and refused to deliver possession to him. Pending the hearing thereof, Truax, on November 9, 1932, filed a motion to vacate and set aside the decree and the sale made pursuant thereto for the reason that the Huron Realty Company, the owner of the vendee's interest in the contract, had not been served with the summons issued; that the affidavit of service stated that this company was served by delivery of a copy to James E. Scott, its president, on November 3, 1930, whereas in fact said Scott had resigned as president of the company "approximately four months prior to November 3, 1930." Affidavits in support thereof and in opposition thereto were filed and some testimony taken, after which the trial court entered an order vacating the decree for the sale of the premises and the proceedings had thereunder, from which the plaintiff has taken this appeal.

The order is not here attacked for error on the part of the trial court in holding that the Huron Realty Company had not been served with process and that the decree was not binding upon it, but

plaintiff's counsel insist that the order should not have been made on motion of the defendant Truax, for the reason that he had no joint interest in the subject-matter of the suit with the Huron Realty Company, and for the further reason that Truax had full knowledge of the irregularity of service at the time of hearing and entry of the decree.

It was the duty of the Huron Realty Company as assignee of the interest acquired by Beardsley to protect the interest of the defendant Truax in the purchase of his lot. Had it failed to do so and permitted the property to be sold under a decree binding upon it and the interest of Truax to be wiped out by the sale made under it, Truax would have had a right of action against the company for the loss sustained by him thereby. But no such right of action now exists by reason of the failure of the plaintiff to make it a party defendant in the foreclosure proceeding. Not having been served with process, it was under no obligation to appear and defend, and the decree entered was not binding upon it. To terminate the rights of Truax, it must appear that the rights of the realty company, which stood in the relation of a vendor to him, were also terminated.

In the petition filed for vacation of the decree, Truax stated that at a hearing had on October 21, 1931, the attorney for the plaintiff "was informed that no proper service had been made upon the Huron Realty Company," and it is here urged that he has been guilty of laches and not entitled to the relief granted. In the affidavit of the attorney for Truax, filed on the motion, he stated that at the hearing above referred to he did inform the attorney for the plaintiff that no proper service had been made upon the realty company, but he deposed that

he at that time also so informed the court and that no attention was paid thereto. There was proof of service upon the realty company and if the attorney for the plaintiff chose to rely thereon, we are impressed that Truax was under no obligation to test the question until his possession was interfered with.

The order appealed from is affirmed, with costs to defendant Truax.

McDONALD, C. J., and WEADOCK, POTTER, NORTH, FEAD, WIEST and BUTZEL, JJ., concurred.